UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carlos Vila,<br>Plaintiff,<br>v.<br>Morphew LLC,<br>Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMAND |

Plaintiff Carlos Vila ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Morphew LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a photograph of American actress Margaret Qualley (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a luxury fashion company which owns and operates a Facebook account with the name "@shopmorphew" and an Instagram account with the name "@morphew_world" (collectively, the "Accounts").

4. Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

6. Defendant is a Florida limited liability company with a principal place of business

in Redington Shores, Florida, which has been authorized to do business in New York as a foreign limited liability company since December 28, 2016, and which operates a retail store located at 63 Orchard Street, New York City in Manhattan, New York and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(a)(1) because Defendant transacts business in New York, including by operating a retail store and an atelier in this Judicial District, and because Defendant's infringing posts advertised, and directed consumers to purchase, garments that Defendant makes and sells in New York, such that Plaintiff's claim arises from Defendant's New York business.

9. Venue is proper under 28 U.S.C. §1400(a) because Defendant may be found in this Judicial District, and under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

10. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11. Plaintiff is a New York-based photographer who photographs celebrity, entertainment and news events and who licenses his photographs for online and print publication.

12. Plaintiff has devoted substantial time, skill, effort and expense to developing his photography business and creating a portfolio of original photographs.

13. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses and other third parties for authorized use in both digital and print media.



SLG SANDERS LAW GROUP

14. Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the Photograph that is the subject of this action.

15. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display and otherwise exploit his copyrighted photographs.

16. Plaintiff relies upon licensing revenue derived from the authorized use of his photographs and actively protects his copyrighted works against unauthorized reproduction, distribution and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works and interferes with the market for authorized licenses.

17. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

18. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

19. On August 19, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

20. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

21. On October 10, 2023, the Photograph was registered by the USCO under Registration No. VA 2-370-103.

22. The Photograph was registered within three months after its first publication on August 19, 2023, and Plaintiff is therefore entitled to statutory damages and attorney's fees under 17 U.S.C. §§ 412, 504(c) and 505 notwithstanding that Defendant's infringement commenced before the effective date of registration.

23. Plaintiff created the Photograph with the intention of it being used commercially



SLG SANDERS LAW GROUP

and for the purpose of display and/or public distribution.

**B. Defendant's Infringing Activity**

24. Defendant is the registered owner of the Accounts and is responsible for their content.

25. Defendant is the operator of the Accounts and is responsible for their content.

26. The Accounts are a key component of Defendant's popular and lucrative commercial enterprise.

27. The Accounts are monetized in that they promote the business and its merchandise to the public and, upon information and belief, Defendant profits from these activities.

28. Upon information and belief, the Accounts form part of Defendant's commercial enterprise and are used to attract potential customers, promote Defendant's merchandise, increase public visibility, generate business opportunities and enhance Defendant's brand recognition.

29. Upon information and belief, Defendant's business model depends in substantial part upon the publication and promotion of visual-media content through the Accounts and its other social media accounts in order to attract audience attention, increase engagement, enhance brand visibility, promote its products and generate sales.

30. Defendant is a high-end vintage fashion retailer, founded by Bridgette Morphew and Jason Lyon, that sells vintage designer apparel and its own "Morphew Collection" line of garments made in New York from vintage materials, through its stores in New York City and Southampton, New York, and through its website.

31. Defendant's posts displaying the Photograph were advertisements for Defendant's own merchandise. On both Facebook and Instagram, Defendant paired the Photograph with an image of a Morphew Collection silk charmeuse jumpsuit, invited viewers to "Get the look!", told them that Defendant's jumpsuit "has pockets and comes in five colors!", and directed them to "[c]heck them out on our site."

32. Defendant thus used the Photograph, and the public interest in its subject's wedding, to promote and sell a garment that Defendant itself makes and sells, and not for purposes of



SLG SANDERS LAW GROUP

commentary, criticism or news reporting.

33. Upon information and belief, Defendant is a sophisticated fashion business operating in an industry in which the use of professional photography and copyrighted content is prevalent.

34. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and depicted a celebrity event of the kind covered by professional photographers whose work is commercially licensed. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

35. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before using content, which constitutes gross negligence in legal compliance for a business of Defendant's reach, capabilities and level of sophistication.

36. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content is used or are systematically ignored, indicating a willful disregard for copyright compliance.

37. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates de facto willful infringement.

38. On or about August 30, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Accounts as part of an online advertisement that Defendant published (a) on its Facebook account at URLs: https://www.facebook.com/shopmorphew/posts/pfbid02Q1LBpYss3SmDvv46D8BvPSLEfCqnvLfxnCUJo4rpiEWmDiNVvoVKqHEX312bnrhol and https://www.facebook.com/photo/?fbid=803631228430003&set=pcb.803631261763333; and (b) on its Instagram account at URL: https://www.instagram.com/morphew_world/p/Cwkt4darBon/ (collectively, the "Infringement"). Copies of screengrabs depicting the Infringement are attached hereto as Exhibit 2.

39. On Facebook, the Photograph was stored by Defendant at URL:



SLG SANDERS LAW GROUP

https://scontent.fbom57-1.fna.fbcdn.net/v/t39.30808-6/372980875_803631221763337_2391710756114050044_n.jpg?_nc_cat=104&ccb=1-7&_nc_sid=5f2048&_nc_ohc=me9CHmRbW5kAb4FEwVn&_nc_ht=scontent.fbom57-1.fna&oh=00_AfB4XrtjLtO5JXcfRjDP6vxbKWZ0sEcPJ7n-k0eoj1zMcQ&oe=6.

40. Plaintiff first observed and actually discovered the Infringement on November 30, 2023.

41. Plaintiff did not discover the Infringement, and had no reason to know of it, before November 30, 2023.

42. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

43. The Infringement includes a URL ("Uniform Resource Locator") that was accessible to the public and remained available for viewing for a non-transitory period of time.

44. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective and overall expressive content.

45. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion and display of content appearing on the Accounts, including Plaintiff's Photograph.

46. Defendant exercised control over the content published on the Accounts and was responsible for selecting, uploading and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion and/or sales.

47. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Accounts by, inter alia, utilizing employees, agents, contractors, administrators, social media managers and other representatives acting on its behalf



SLG SANDERS LAW GROUP

(collectively, the "Representatives").

48. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor and otherwise manage content appearing on the Accounts on Defendant's behalf.

49. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting and/or distributing the content containing Plaintiff's Photograph.

50. Upon information and belief, Defendant authorized, directed, ratified, approved and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Accounts, including the content containing Plaintiff's Photograph.

51. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed and otherwise exercised control over content appearing on the Accounts. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

52. Upon information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendant.

53. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

54. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

55. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.



SLG SANDERS LAW GROUP

56. Upon information and belief, Defendant monitors the content on its Accounts.

57. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

58. Upon information and belief, the Infringement increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its business revenues.

59. Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Accounts.

60. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

61. Defendant's use of the Photograph harmed the actual market for the Photograph.

62. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

63. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

64. On April 16, 2024, Plaintiff, through counsel, served a letter on Defendant seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

65. Thereafter, on April 16, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

66. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to address Plaintiff's claims.

67. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

68. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

69. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

70. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

71. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

72. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

73. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

74. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

75. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Accounts.

76. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c).

SLG SANDERS LAW GROUP

77. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

78. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

79. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.



SLG SANDERS LAW GROUP

DATED: November 4, 2026

**SANDERS LAW GROUP**

By: *___/s/ Craig Sanders____________*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129890

*Attorneys for Plaintiff*

SLG SANDERS · LAW GROUP ·